Chief Justice Robertson,
delivered the opinion of the court.
Jeremiah Rives, having paid the greater part of a joint judgment rendered against himself, George Rives and William Rives, proceeded, by motion in the Madison circuit court (where the judgment had been rendered) against John Heard and John Thompson, as executors of George Rives, for one third of what he had paid on the joint judgment.
Heard and Thompson resided in Warren county, and the note was served on them in Warren and not 'in Madison county.
At the appearance term, the parties appeared by their attorneys and the court, after hearing the evidence, rendered judgment against the plaintiffs in error. But this judgment was afterwards set aside, and the motion continued to the succeeding term at the instance of the defendant in error; at the next term the motion was continued to the succeeding term, when the parties again appeared, and judgment was again rendered in favor of the defendant in error. In the progress of the trial, the plaintiffs in error, moved the court to dismiss the motion on two grounds.
1st. Because the court had no jurisdiction.
2d. Because it had not been sufficiently proved, that the plaintiffs were the executors of George Rives; and as the judgment is not for more than the defendant was. entitled, if he proved a right to any thing, it will be necessary only to decide whether the circuit court erred in sustaining the motion for judgment against the plaintiffs in error.
*534 1st. An act of 1798, (II Dig. 1116) authorizes a surely to obtain judgment against his principal or his. co-surety, by motion in the court in which the judgment had been obtained on the obligation.
By the first section of an act of 1812, a surety is allowed to move for a judgment against his principal, either in the court where the judgment was rendered against him as surety, or in the county in which the prin- ■ cipal resided; (II Dig. 1118-19.)
The third section of the same act of 1812, authorizes a judgment on motion, in'favor of a joint principal ob-ligor against his co-obligor, or in favor of a surely against his co-surety, “m any court having jurisdiction of the amount demanded.”
This last section should not be construed to vest ju- ■ risdiction in any court having jurisdiction of the amount, whether the notice should be served in the county, in which such court is held, or in some other county. If the motion be not made in the county in which the defendant to the motion resides, it cannot be sustained in, the court of any other county, unless the notice should have been served in that county.. But the motion is maintainable in the proper court in any county, in which the notice should have been served.
The third section of the act of 1812, does not expressly authorize a judgment in favor of a principal against his co-obligor, in the court in which the primary judgment had been obtained, unless the residence of the defendant on the motion, or the service of the notice upon him in the county in which that court sits, gives it jurisdiction. The circuit court of Madison therefore, had no jurisdiction in this case, unless the. third section should he construed to be as comprehensive as the first.
We are inclined to the opinion, that the two sections should not receive the same interpretation. Without this third section, a motion could not have been maintained by one principal against his co-principal. The section does not authorize a motion in any court which, without tuis enactment, could have had no jurisdiction over the court. The third section of the act of 1812, includes sureties. •
The act of 1798, had authorized motions by sureties against their co-sureties, in the court which had ren *535 dered tbe judgment on the joint obligation. It could not have been the inlention of the legislature to have repealed the second section of the act of 1798, by the third section of that of 18 L2. It would then follow, that a surety may maintain a motion againt his co-surety, either in the court which rendered the judgment on the obligation, or in any other court, “having jurisdiction of tlje amount,” and ever the parties. But although, there was no reason for distinction, the legislature have distinction between motions by principal against principals, and those by sureties against principals or co-sureties. Then Madison was not the proper court therefore, unless the notice had been served in Madison. Nevertheless, the objection to the jurisdiction was unavailing. ° -
Surety may maintain a “o-suret^ for* contribution, either in the renderecUha judgment on the obligation coUart'‘ihavI i -gjurigdic-tun tfihe amount,” and over thepurties
P]ea to the jurisdiction Sf_ appearance and general lmParJaime.
Statute which^¿phrequires pieasinabatd* ment or to S’•\unvp*£¡1 a 0n or before the day to ^ jeoc]j. ete([ for trial at first term, t°motions o/ other cases in which the_ pleading is
When a court has jurisdiction over the subject matter, and the only objection to the jurisdiction is personal, it may be waived. A plea to the jurisdiction cannot be filed after an appearance and general impar-lance. In this case, the plaintiffs in error had appeared, and the case had been tried on its merits; afterwards the motion was continued, and the costs of the continuance were adjudged against the defendant in error; and at the next term there was a general continuance. It cannot, therefore, be denied, that if pleadings in writing had been necessary, a plea to the jurisdiction would have been allowable at the time, when the objection was made to the jurisdiction, uore tenus.”
Whenever pleading in writing is not necessary, matter in abatement or an objection to the jurisdiction may be relied on, although it had been suggested on or before the day set for the trial of the case, provided it had not been waived by imparlance or otherwise. Stephens vs. Hume, I Littell’s Rep. 8. The act of assembly which requires pleas to the jurisdiction or in abatement to be filed on or before the day to which the case is docketed for trial at the first term, does not apply to motions or other cases in which the pleading is “ ore tenus.” And therefore, in these cases, the right to rely on matter in abatement, or on an objection to the jurisdiction, must be tested by common law principles. As, according to the law, it is too late to plead to the jurisdiction or in abatement, after appearance and a general imparlance, (not recovering the right to file such plea) therefore, in *536 this case, the objection to the jurisdiction had been waived, by the appearance, the first tria] and the subs.e- ’ quent continuances. Taking a judgment for the costs of continuance would alone amount to a recognition ofjuris-diction. Without the concession of jurisdiction, no such judgment could have been renderedi
Breck, for plaintiff; Turner for defendant.
When a court has no jurisdiction over the subject matter, consent cannot give jurisdiction; and therefore, it would never be too late to object to the jurisdiction. But the objection being merely personal in the case, and the plaintiffs in error having waived it, no advantage could be taken of it on the triaL
2d. The deputy clerk of Warren, certified the will of George Rives, and its probate in the county court of Warren; and also certified, that the plaintiffs in error had been qualified as the executors. • This we consider sufficient proof under the thirty-sixth section of the act of 1797, (I Dig. 529.)
The-Certificate of the deputy is as good as that of the principal clerk. It is, in effect, the certificate of Hhe clerk."
Wherefore, the judgment of the circuit court must he affirmed.